Mikael Armenakov **NAZAROV**; Tania Ilieva Nazarova, Petitioners,

v.

John **ASHCROFT**, Attorney General, Respondent.

Nos. 03–72720, A75–751–951, A75–751–837.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.[*]

Decided Dec. 13, 2004.

___

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Peter L. Ashman, Las Vegas, NV, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Phoenix, AZ, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM**

Mikael Armenakov Nazarov and his wife, Tania Ilieva Nazarova, citizens of Bulgaria, petition for review of the Board of Immigration Appeals' denial of their applications for asylum and withholding of deportation. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996) (en banc). Where the BIA determines that the alien was subjected to persecution in the past, a presumption arises that he has a well-founded fear of future prosecution. *See* 8 C.F.R. § 208.13(b)(1); *Borja v. INS,* 175 F.3d 732, 737–38 (9th Cir.1999) (en banc).

The record in this case does not compel this court to grant the petition. Nazarov and his wife recounted name-calling, discrimination, two car thefts, a burglary, and attempted extortion. The BIA

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

could properly decide that neither separately nor cumulatively do these events rise to the level persecution. *See Halaim v. INS,* 358 F.3d 1128, 1131–32 (9th Cir. 2004); *Singh v. INS,* 134 F.3d 962, 967–69 (9th Cir.1998); *Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Moreover, Nazarov and his wife did not concretely link the theft, burglary, and extortion to their Armenian heritage. *See Singh,* 134 F.3d at 970. Finally, petitioners have not demonstrated a well-founded fear of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182–84 (9th Cir.2003).

Petition DENIED.[1]

---

1. Because petitioners did not meet the eligibility requirements for asylum, they are not entitled to withholding of deportation either. *See Ghaly,* 58 F.3d at 1429.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.